**UNITED STATES of America,**
**Appellee,**

v.

**Charles Everett LOUDON, also known**
**as Lannell Reed Emmerson,**
**Defendant–Appellant.**

**No. 00–1581.**

United States Court of Appeals,
Second Circuit.

Jan. 23, 2001.

**132**

Elizabeth D. Mann, Assistant Federal Public Defender, for Alexander Bunin, Federal Public Defender, Burlington, VT, for appellant.

Gregory L. Waples; David V. Kirby, on the brief, Assistant United States Attorneys, for Charles R. Tetzlaff, United States Attorney, District of Vermont, Burlington, VT, for appellee.

Present NEWMAN, LEVAL and SACK, Circuit Judges.

### SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court be and it hereby is AFFIRMED.

Defendant Charles Loudon, having pled guilty to bankruptcy fraud and false statements in applying for Social Security benefits, was ordered by the district court to pay restitution totaling $150,866.54. As a condition of supervised release, the court further ordered the defendant to sell both his house in Ireland and a recreational trailer, and to apply the proceeds toward the unpaid restitution balance.

On appeal, Loudon challenges the propriety of the order requiring him to sell his property in Ireland. In view of the fact that undisputed evidence shows that proceeds of the defendant's frauds were invested in the house, that defendant cannot make restitution without selling the house, and that defendant cannot use the house in Ireland as his residence and shelter during the three years he will be on supervised release, we find that the district court did not abuse its discretion in so fashioning the restitution order.